

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NIKETTA TURKS | No. 22 CR 367<br><br>Judge John Robert Blakey |

## PLEA AGREEMENT

1. This Plea Agreement between the Acting United States Attorney for the Northern District of Illinois, MORRIS PASQUAL, and defendant NIKETTA TURKS, and her attorney, WAYNE B. SLAUGHTER, JR., is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2. The indictment in this case charges defendant with four counts of mail theft, in violation of Title 18, United States Code, Section 1709.

3. Defendant has read the charges against her contained in the indictment, and those charges have been fully explained to her by her attorney.

4. Defendant fully understands the nature and elements of the crimes with which she has been charged.

### Charge to Which Defendant Is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the following count of the indictment: Count Two, which charges defendant with mail theft, in violation of Title 18, United States Code, Section 1709.

### Factual Basis

6. Defendant will plead guilty because she is in fact guilty of the charge contained in Count Two of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish her guilt beyond a reasonable doubt and constitute relevant conduct pursuant to Guideline § 1B1.3:

On or about October 15, 2020, at Arlington Heights, in the Northern District of Illinois, Eastern Division, NIKETTA TURKS, defendant herein, who was then a United States Postal Service employee, did embezzle mail and articles and things contained therein which had been entrusted to her and which came into her possession, intended to be conveyed by mail, namely, seven pieces of First-Class mail, in violation of Title 18, United States Code, Section 1709.

*Background*

More specifically, defendant was employed as a Temporary Carrier Assistant at the Arlington Heights Post Office in Illinois from on or about May 19, 2020 through on or about October 30, 2020. On various dates throughout that timeframe, while defendant was in her assigned postal vehicle on a delivery route, defendant opened and stole mail—specifically, pieces of mail containing checks, gift cards, and/or credit

2

cards. Defendant then sold the contents to Individual A, receiving $50 for any stolen credit cards and $75 for any stolen checks. Defendant acknowledges that she had no authority to open the mail pieces or take the contents contained therein.

*October 9, 2020 Mail Theft*

On or about October 9, 2020, defendant opened multiple pieces of mail that she was supposed to deliver as part of her job as an employee of the U.S. Postal Service. Defendant stole a credit card and additional contents from the pieces of opened mail.

*October 15, 2020 Mail Theft*

On or about October 15, 2020, defendant opened multiple pieces of mail that she was supposed to deliver as part of her job as an employee of the U.S. Postal Service. Defendant stole several credit cards from the pieces of opened mail. Defendant then took approximately seven pieces of mail and placed them in her purse.

*October 16, 2020 Mail Theft*

On or about October 16, 2020, defendant opened approximately four pieces of mail that she was supposed to deliver as part of her job as an employee of the U.S. Postal Service and stole the contents inside the mail.

*October 20, 2020 Mail Theft*

On or about October 20, 2020, defendant opened approximately two pieces of mail that she was supposed to deliver as part of her job as an employee of the U.S.

Postal Service and stole the contents inside the mail. Defendant then stole several additional pieces of mail.

*Defendant's Dumping of Mail*

On numerous occasions, defendant also discarded significant volumes of deliverable U.S. mail that she was supposed to deliver as part of her job as an employee of the U.S. Postal Service.

For example, on October 28, 2020, defendant disposed of approximately 310 pieces of First-Class mail and 550 pieces of Standard-Class mail, that she was supposed to deliver, into a dumpster in Arlington Heights, Illinois. Defendant also dumped deliverable U.S. mail into garbage receptacles on the following dates: October 9, 2020; October 15, 2020; October 16, 2020; and October 19, 2020.

Defendant acknowledges that her actions resulted in undelivered mail and/or the contents therein to 10 or more customers of the United States Postal Service.

### **Maximum Statutory Penalties**

7. Defendant understands that the charge to which she is pleading guilty carries the following statutory penalties:

    a. A maximum sentence of 5 years' imprisonment. This offense also carries a maximum fine of $250,000. Defendant further understands that the judge also may impose a term of supervised release of not more than three years.

4

b. Defendant further understands that the Court must order restitution to identifiable victims of the offense in an amount determined by the Court. The Court also may order restitution to any persons as agreed by the parties.

c. Pursuant to Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which she has pled guilty, in addition to any other penalty imposed.

### Sentencing Guidelines Calculations

8. Defendant understands that in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

9. For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a. **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the November 2021 Guidelines Manual.

b. **Offense Level Calculations**.

i. The base offense level is 6, pursuant to Guideline § 2B1.1(a)(2).

ii. The offense level is increased by 2 levels, pursuant to Guideline § 2B1.1(b)(2), because the offense involved 10 or more victims.

iii. The offense level is increased by 2 levels, pursuant to Guideline § 3B1.3, because in committing the offense, defendant abused a position of trust, namely, her role as a United States Postal Service employee.

iv. Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for her criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for her actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to her ability

6

to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

    c.    **Criminal History Category**. With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

    d.    **Anticipated Advisory Sentencing Guidelines Range**. Therefore, based on the facts now known to the government, the anticipated offense level is 8 which, when combined with the anticipated criminal history category of I, results in an anticipated advisory sentencing guidelines range of 0 to 6 months' imprisonment, in addition to any supervised release and fine the Court may impose.

    e.    Defendant and her attorney and the government acknowledge that the above guidelines calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall

not have a right to withdraw her plea on the basis of the Court's rejection of these calculations.

10. Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw her plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

## Agreements Relating to Sentencing

11. Each party is free to recommend whatever sentence it deems appropriate.

12. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw her guilty plea.

13. Defendant agrees to withdraw any pending administrative appeals and to never re-apply for employment with the United States Postal Service.

14. Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

15. Defendant agrees that the United States may enforce collection of any fine or restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), notwithstanding any payment schedule set by the Court.

16. After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining counts of the indictment as to defendant.

### Acknowledgments and Waivers Regarding Plea of Guilty

**Nature of Agreement**

17. This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 22 CR 367.

18. This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other

federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

19. Defendant understands that by pleading guilty she surrenders certain rights, including the following:

    a. **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charges against her, and if she does, she would have the right to a public and speedy trial.

        i. The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

        ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and her attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

        iii. If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict her unless, after hearing all the evidence, it was persuaded of her guilt beyond a

10

reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

        iv.    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

        v.    At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and her attorney would be able to cross-examine them.

        vi.    At a trial, defendant could present witnesses and other evidence in her own behalf. If the witnesses for defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

        vii.    At a trial, defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify. If defendant desired to do so, she could testify in her own behalf.

        b.    **Appellate rights.** Defendant further understands she is waiving all appellate issues that might have been available if she had exercised her right to

trial, and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 14 calendar days of the entry of the judgment of conviction.

20. Defendant understands that by pleading guilty she is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to her, and the consequences of her waiver of those rights.

### Presentence Investigation Report/Post-Sentence Supervision

21. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against her, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

22. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of her financial circumstances, including her recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility

pursuant to Guideline § 3E1.1 and enhancement of her sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

23. For the purpose of monitoring defendant's compliance with her obligations to pay a fine during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

### Other Terms

24. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

25. Defendant understands that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## Conclusion

26. Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

27. Defendant understands that her compliance with each part of this Agreement extends throughout the period of her sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event she violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

28. Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

29. Defendant and her attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

30. Defendant acknowledges that she has read this Agreement and carefully reviewed each provision with her attorney. Defendant further acknowledges that she understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 05/12/2023

*Signed by Jason A. Yonan (Digitally signed 2023.03.10 07:38:12 -06'00') on behalf of*
MORRIS PASQUAL
Acting United States Attorney

MICHELLE PARTHUM
Assistant U.S. Attorney

NIKETTA TURKS
Defendant

WAYNE B. SLAUGHTER
Attorney for Defendant

15